D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------X
LEONIA GIPSON,

        Plaintiff,

    -against-                           **ORDER**
                                                 **09 CV 5466 (SJF)(AKT)**

THE HEMPSTEAD UNION FREE SCHOOL DISTRICT,

        Defendant.
----------------------------------------X
FEUERSTEIN, J.

On December 15, 2009, plaintiff Leonia Gipson ("Plaintiff") commenced this action against the Hempstead Union Free School District (the "District" or "Defendant") and the Town of Hempstead, asserting violations of her constitutional right to due process under 42 U.S.C. § 1983 and a related state law claim of intentional infliction of emotional distress. Plaintiff filed an amended complaint against the Defendant only. Defendant has moved to dismiss the complaint as amended (the "Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth herein, Defendant's motion is granted.

1

I.  Factual Allegations[1]

On or about August 13, 2003, Plaintiff was hired by the District as a math teacher at the A.B.G. Schultz Middle School ("Schultz"). Compl. at ¶¶ 10, 16, 20. Plaintiff was awarded tenure as a "Mathematics Education Teacher," which became effective September 1, 2005. *Id.* at ¶ 38. Plaintiff worked without incident within the District until January 28, 2009 when she was "summoned" to the office of Interim Director of Personnel Charlse Plantz ("Mr. Plantz"). *Id.* at ¶¶ 39-49. At the meeting, Mr. Plantz informed her she was on a list provided by New York State of teachers who were "teaching out of their Certification area" based upon the fact that although Plaintiff was certified in special education she had been teaching and received tenure in mathematics. *Id.* at ¶¶ 51, 56. Plaintiff argued that she had made no representation to the District that she was certified in mathematics when she applied or when she received tenure. *Id.* at ¶¶ 52-53. Plaintiff also noted that she had been teaching "Mathematics Support" to low performing students, some of whom were attending Schultz under an Individualized Education Program, and as a result, believed she was teaching under her special education certification. *Id.* at ¶¶ 54-55. Mr. Plantz told Plaintiff that his role was "not to interpret what New York state dictates but to act on them [sic]" (*Id.* at ¶ 59), and that she had only two choices: by February 9, 2009, she could resign from the District or be terminated. *Id.* at ¶ 57. Plaintiff received a letter restating the substance of the conversation with Mr. Plantz, specifically informing her that she had been

---

[1] As is required on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the factual allegations in the Complaint are accepted to be true for the purposes of this motion, and all reasonable inferences are drawn therefrom in favor of Plaintiff. They do not constitute findings of fact by this Court.

"identified" by the Board of Cooperative Educational Services ("BOCES") Regional Certification Office and that if BOCES "do[es] not receive [proof of your certification in Mathematics] on or before Monday, February 9, 2009, a recommendation for your suspension without pay will be made to the Board of Education which will also result in the termination of your employment with the District." *Id.* at ¶ 61.

Plaintiff contacted and advised a BOCES representative that she had completed the requirements to qualify for the mathematics "Content Specialty Test," and that she could secure the certification in mathematics if she were allowed to take the test. *Id.* at ¶ 63. The representative was "unable to assist." *Id.* at ¶ 64. Plaintiff attempted to be transferred into an "appropriate teaching position" at the same school, but was unable to secure a full time position. *Id.* at ¶ 65.

Plaintiff was offered a position as a "Leave Replacement" special education teacher by the principal of Hempstead High School for the duration of the 2008-09 academic year. *Id.* at ¶ 66. Plaintiff resigned from her position at Schultz in a letter dated February 6, 2009. *Id.* at ¶ 67. On February 9, 2009, Plaintiff began working at Hempstead High School as a special education teacher, and was appointed by the district on February 27, 2009. *Id.* at ¶ 69.

Plaintiff sought a permanent position in the special education department at Hempstead High School, and alleges that the chairperson of the department told her that there were open positions and had promised one to Plaintiff. *Id.* at ¶¶ 71-73. However, in August 2009, Plaintiff discovered that she was not on the "docket for appointed teachers" for the following year at the High School, and was told that the interim assistant superintendent was unaware of whether she had been promised one of the positions but that, in any event, the interim principal of the High

School had decided not to fill those positions. *Id.* at ¶¶ 74-78. Plaintiff continued to attempt to secure permanent employment, but was unsuccessful. *Id.* at ¶¶ 79-83.

Plaintiff contends that the choice to resign or be terminated violated her constitutionally protected substantive and procedural due process rights. *Id.* at ¶¶ 90-95. Plaintiff argues that the District failed to follow Section 3020-a of New York Education Law and in the "Agreement Between Board of Education, Hempstead Public Schools and Hempstead Classroom Teachers Association" (the "Agreement") which requires (a) the District to file written charges against her during the school year, (b) the District to notify the Board of Education of the charges, (c) a Board finding of probable cause, and (d) a written statement specifying the charges, and informing Plaintiff of her rights. *Id.* at ¶¶ 84-85.

II.     Standard of Review on Motions to Dismiss

        A.      Standard of Review

The standard of review on a motion made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is that a plaintiff plead sufficient facts "to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint must give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). See also Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008). However, a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

4

elements of a cause of action will not do.'" Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555. The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." Iqbal, 129 S. Ct. at 1949.

In deciding a motion to dismiss, the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008), cert. denied, 128 S. Ct. 2964, 171 L. Ed. 2d 906 (2008) (quoting Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002)). However, this standard "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, --- U.S. ----, 129 S. Ct. at 1949, 173 L. Ed. 2d 868. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 1950.

In determining a motion to dismiss pursuant to Rule 12(b)(6), the Court must limit itself to the facts alleged in the complaint, which are accepted as true; to any documents attached to the complaint as exhibits or incorporated by reference therein; to matters of which judicial notice may be taken; or to documents upon the terms and effect of which the complaint "relies heavily" and which are, thus, rendered "integral" to the complaint. Chambers, 282 F.3d at 152-53.

III. Analysis

   A. Due Process

Plaintiff's due process claims against the District arise under the guarantees provided by the Fourteenth Amendment. U.S. Const. amend XIV, § 1. The Due Process Clause in the Fourteenth Amendment "applies to matters of substantive law as well as to matters of procedure." McDonald v. City of Chicago, Illinois, 130 S. Ct. 3020, 3091 177 L. Ed.2d 894, (2010) (citing Whitney v. California, 274 U.S. 357, 373, 47 S. Ct. 641, 71 L. Ed. 1095 (1927) (Brandeis, J., concurring)). Plaintiff argues a violation of both her substantive and procedural due process. Compl. at ¶ 1.

   1. Procedural Due Process

To state a claim of denial of procedural due process, Plaintiff must allege a protected property or liberty interest which was infringed by the challenged state action. See Donato v. Plainview-Old Bethpage Cent. School Dist., 96 F.3d 623 (2d Cir. 1996); see also Gomez v. Toledo, 446 U.S. 635, 640 100 S. Ct. 1920, 64 L. Ed.2d 572 (1980); Bd. of Regents v. Roth, 408 U.S. 564, 92 S. Ct. 2701, 33 L. Ed.2d 548 (1972). Plaintiff argues that the challenged state action deprived her of a property interest in her tenured position as a teacher. *See* Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Opposition") at 7.

As a tenured public school teacher, Plaintiff had a protected property interest in her

position which entitled her to due process prior to removal by the District. See Slochower v. Bd. of Higher Education, 350 U.S. 551, 76 S. Ct. 637, 100 L. Ed. 692 (1956) (finding a property interest in tenured city college professorship); see also Taravella v. Town of Wolcott, 599 F.3d 129 (2d Cir. 2010); *Cf.* Civ. Serv. § 75(1); Educ. §§ 3020-a, 3010(2).

However, Plaintiff resigned from her position prior to her removal. Plaintiff concedes that a school district is not required to provide due process to a teacher who resigns. Memorandum of Law in Support of Motion to Dismiss at 5; Opposition at 8; see also Giglio v. Dunn, 732 F.2d 1133 (2d Cir. 1984). Plaintiff argues that the District forced her to resign under the threat of removal without a hearing, and did not provide her a reasonable opportunity to secure her certification.

In New York, a tenured public school teacher is entitled to a hearing prior to termination. *See* Educ. Law §§ 3020-a, 3010(2). However, when the teacher resigns, she waives that right. See Abramovich v. Bd. of Educ. of Cent. Sch. Dist. No. 1 of Towns of Brookhaven & Smithtown, 46 N.Y.2d 450, 455, 414 N.Y.S.2d 109, 386 N.E.2d 1077, *cert. denied*, 444 U.S. 845, 100 S.Ct. 89, 62 L.Ed.2d 58 (1979) (noting, in dicta, "obviously a tenured teacher always has the option to resign"). When an employee claims coercion to resign, she may challenge her resignation on the ground that it was involuntary. Giglio, 732 F.2d at 1135.

Where the state is not in a position to provide a pre-deprivation hearing, the requirements of the Due Process Clause are satisfied by an adequate post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 104 S. Ct. 3194, 82 L. Ed.2d 393 (1984); Harris v. Mills, 572 F.3d 66 (2d Cir. 2009); Rivera-Powell v. New York City Bd. of Elections, 470 F.3d 458 (2d Cir. 2006). Analysis of whether a post-deprivation hearing sufficiently provides a plaintiff with due process

makes the distinction between whether the state action is "random and unauthorized" or the result of established state procedures. Hellenic American Neighborhood Action Committee v. City of New York, 101 F.3d 877 (2d Cir. 1996). This distinction is based upon the pragmatic determination that in the former situation, it is impractical to provide a meaningful hearing before the deprivation, whereas in the latter situation the deprivation is foreseeable, and the state is in a position to provide meaningful pre-deprivation process. Id. at 880-81 (citing Hudson, 468 U.S. at 532).

Plaintiff does not allege that the resignation option presented to her was made pursuant to state or local rules or guidelines. Instead, Plaintiff argues that the District's actions violated the process requirements of New York State and of the Agreement. See Compl. at ¶¶ 84-85. Furthermore, a post-deprivation remedy has been held to be appropriate when an employee is given a choice to resign or be terminated, and the employee resigns, because a court is unable to determine whether a resignation is voluntary before the resignation is tendered. See Giglio, 732 F.2d at 1135.

Article 78 of the New York Civil Practice Law and Rules (N.Y.C.P.L.R. § 7801 *et. seq.*, hereinafter "Article 78") provides a public school employee with an adequate post-deprivation remedy to determine whether her resignation was voluntary. See, e.g., Cacchioli v. Hoberman, 31 N.Y.2d 287, 291 N.E.2d 117, 338 N.Y.S.2d 865 (1972); Wolfe v. Jurczynski, 241 A.D.2d 88, 671 N.Y.S.2d 864 (App. Div. 1998); Martinez v. State University of New York, 294 A.D.2d 650, 741 N.Y.S.2d 602 (App. Div. 2002); Rychlick v. Coughlin, 99 A.D.2d 863, 472 N.Y.S.2d 761 (App. Div. 1984); Gilliam v. New York City Dept. of Sanitation, 18 Misc.3d 1141(A), 859 N.Y.S.2d 902 (N.Y. Sup. Ct. 2008); accord Giglio v. Dunn, 732 F.2d at 1135 ("Article 78 gave

the employee a meaningful opportunity to challenge the voluntariness of his resignation, [and therefore] he was not deprived of due process simply because he failed to avail himself of the opportunity"). The fact that an employee fails to timely avail herself of the remedy does not vitiate the adequacy of that remedy. Therefore, New York law provides an adequate post-deprivation remedy to Plaintiff allowing her a process by which to challenge her resignation.

Plaintiff argues that because her resignation was coerced by the District, in her conversation with Mr. Plantz, she was deprived of a termination hearing. However, Plaintiff's resignation relieved the District of the obligation to provide a hearing which could have been challenged in an Article 78 proceeding in state court as noted above. Failure to avail herself of that remedy does not deprive her of due process under the Fourteenth Amendment. See Giglio, 732 F.2d at 1135.

Plaintiff argues alternatively that where an employee resigns in anticipation of discharge for an illegal reason, the employee's resignation will not bar a Section 1983 claim based upon deprivation of due process. Plaintiff relies upon a First Circuit case applying New York law which states in dicta that a resignation upon threat of termination could be considered coerced and legally ineffective if the state actor acted in bad faith in that the state actor "believed that the discharge could not be substantiated." Molinar v. Western Elec. Co., 525 F.2d 521, 530 (1st Cir.1975), cert. denied, 424 U.S. 978, 96 S. Ct. 1485, 47 L. Ed.2d 748 (1976); see also Finley v. Giacobbe, 79 F.3d 1285, 1296 (2d Cir. 1996) ("[a]n employee who resigns in anticipation of a discharge motivated by illegal reasons, such as discrimination or absence of cause, may [not be barred from challenging the process of her removal], *but we need not decide such a case because it is not before us.*") (emphasis added). Plaintiff has not alleged bad faith on the part of the

9

employer.

Therefore, Plaintiff has failed to state a claim of denial of procedural due process.

        a.        Deprivation of Process Guaranteed by the Agreement

Insofar as Plaintiff argues that the District breached the Agreement, the claim also fails. The section of the Agreement quoted in the Complaint purports to govern "Disciplinary Action" against tenured teachers. Compl. at ¶ 84. However, as Plaintiff's resignation relieved the District of the burden of taking official action, and she was not subjected to any disciplinary action this section of the Agreement is inapposite. In any event, Plaintiff has not established jurisdiction over this claim in the absence of any remaining, related federal claims, even if it were adequately pleaded.

        2.        Substantive Due Process

The substantive Due Process Clause of the Fourteenth Amendment protects against government action that is "arbitrary, conscience-shocking, or oppressive in a constitutional sense, but not against government action that is incorrect or ill-advised." <u>Lowrance v. Achtyl</u>, 20 F.3d 529, 537 (2d Cir. 1994) (citations omitted). Analysis of a substantive due process claim must first identify what constitutional right is at stake and then determine whether the state action was arbitrary in the constitutional sense. See <u>Ferran v. Town of Nassau</u>, 471 F.3d 363 369-70 (2d Cir. 2006); <u>Lowrance</u>, 20 F.3d at 537.

10

The Supreme Court has been reluctant to expand the interests protected by the substantive due process. See Collins v. Harker Heights, 503 U.S. 115, 125, 112 S. Ct. 1061, 1068, 117 L. Ed.2d 261 (1992). Plaintiff does not dispute the District's right to request her resignation, but argues that the choice given by Mr. Plantz was outrageous enough to shock the contemporary conscience because he "obtained the resignation from a tenured teacher, without cause, via the threat of breaking the law [and] breaching a contract." Opposition at 12. Plaintiff fails to point to any liberty interest or constitutional right in this matter that is protected by substantive due process. The only mention of substantive due process claim in the Complaint is in a parenthetical.[2] Plaintiff's request for leave to amend the complaint to properly plead a substantive claim is discussed below.

To survive a Rule 12(b)(6) dismissal motion, Plaintiff must "allege governmental conduct that is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." Velez v. Levy, 401 F.3d 75 (2d Cir. 2005). A resignation tendered in response to an attempt to induce an employee to resign in order to forego the requirements of an official termination has repeatedly been upheld as voluntary. See, e.g., Finley, 79 F.3d 1285; Giglio, 732 F.2d 1133; Girard v. Bd. of Educ. of City Sch. Dist. of the City of Buffalo, 168 A.D.2d 183, 572 N.Y.S.2d 185, 68 Ed. Law Rep. 777 (App. Div. 1998); Levitz v. Robbins Music Corp, 6 A.D.2d 1027, 178 N.Y.S.2d 221 (App. Div. 1958). Although it might have offered Plaintiff additional time to secure the certification, and it is not clear that the District would have been successful if

---

[2] See Complaint at ¶ 2 ("This is a civil action based upon the Defendant's violation of 42 U.S.C. Section 1983 (vis-a-vis violations of Due Process Clause of the 5th and 14th Amendimges to the United states Constitution, (substantive and procedural due process denied)").

11

they had attempted to remove her, the District's conduct is not so odius that it would "shock the contemporary conscience." Therefore, the actions complained of by Plaintiff do not adequately plead a substantive due process violation.

### 3. Intentional Infliction of Emotional Distress

Plaintiff has agreed to the dismissal of her claim of intentional infliction of emotional distress. Opposition at 2. Therefore, the claim is dismissed.

### B. Leave to Amend

Rule 15(a) (2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend when justice requires. "Leave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman, 371 U.S. at 182. However, if amendment would be futile, i.e., if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6), leave to amend may be denied. See Lucente v. International Business Machines Corp., 310 F.3d 243, 258 (2d Cir. 2002).

Plaintiff has requested leave to amend her complaint to properly plead a violation of due process. Defendant argues that an amendment would be prejudicial because it would force the District to spend public money on defending a meritless claim. Plaintiff's resignation bars her from challenging any procedural deficiencies in the removal process, and she has been afforded the opportunity to challenge her resignation pursuant to Article 78. Defendant is correct, and Plaintiff is denied leave to amend her Complaint with respect to her procedural due process claims as an amendment would be futile and the claims are dismissed with prejudice.

However, Plaintiff has not yet made any claims or arguments specific to a substantive due process violation which was only addressed in Defendant's reply. As this claim has not been litigated, there has been no bad faith on the part of the Plaintiff, this is the first time Plaintiff has sought leave to amend the complaint, and Defendant's claim of prejudice is unpersuasive as to this claim, Plaintiff is granted leave to amend the complaint within thirty (30) days to state a potential substantive due process violation.

IV.     Conclusion

Based upon the foregoing, Defendant's motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted with prejudice except as to Plaintiff's substantive due process claim, which is dismissed without prejudice. Plaintiff has thirty (30) days from the issuance of this order to file an amended complaint as to this claim or it will be

dismissed with prejudice. Plaintiff's other claims are dismissed.

**SO ORDERED.**

_____
SANDRA J. FEUERSTEIN
United States District Judge

11/18/10

Dated: November 18, 2010
Central Islip, New York