D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
LEONIA GIPSON,

                    Plaintiff,

-against-

THE HEMPSTEAD UNION FREE
SCHOOL DISTRICT,

                    Defendant.
----------------------------------------------------X

**ORDER**
09-CV-5466 (SJF)(GRB)

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ MAR 2 6 2012 ★

**LONG ISLAND OFFICE**

FEUERSTEIN, District Judge:

On December 15, 2009, plaintiff Leonia Gipson ("plaintiff") commenced this action pursuant to 42 U.S.C. § 1983, alleging, inter alia, violations of her right to due process as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

Before the Court is defendant's motion to dismiss the second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [Docket Entry No. 14]. For the reasons that follow, defendant's motion is granted.

I.    Background[1]

Plaintiff has been employed as a teacher since 1982. See Second Amended Complaint ("Sec. Am. Compl.") [Docket Entry No. 10] at ¶ 6. She has a master's degree in special

---

[1] For purposes of this motion to dismiss, the factual allegations in plaintiff's complaint are taken as true. Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009).

1

education, "a Permanent New York State Certification in Special Education," and a "Permanent New York City License in Special Education." Id.

On or about July 31, 2003, plaintiff applied for a special education teaching position at A.B.G. Schultz Middle School, located within the Hempstead Union Free School District (the "District"). Id. at ¶ 7. During her interview for the position, plaintiff informed the District that she was certified to teach special education. Id. at ¶ 8. On or about August 13, 2003, plaintiff was offered a position "teach[ing] mathematics to low performing, low level, Special Education students." Id. at ¶ 9. Plaintiff began the job on September 2, 2003, id., and close to two (2) years later, was informed that she had been awarded tenure "as a Mathematics Education Teacher," id. at ¶ 12.[2] Plaintiff continued working in this position for the following four (4) years, receiving performance evaluations ranging between "Satisfactory" and "Outstanding." Id. at ¶ 14.

On January 28, 2009, the school's Interim Director of Personnel, Charles Planz ("Planz"), called plaintiff to his office. Id. at ¶ 15. Planz expressed concern about the fact that plaintiff had received tenure as a mathematics teacher, even though she was only certified to teach special education. Id. at ¶¶ 16-17. Planz informed plaintiff that her teaching certificates "were no longer acceptable," and stated that plaintiff's employment would be terminated if she did not resign. Id. at ¶¶ 20-21. Planz stated that other tenured teachers in the District received the "same ultimatum." Id. at ¶ 23. No District employee informed plaintiff that she had the right to request a hearing. Id. at ¶ 24.

The District subsequently informed plaintiff that, if she did not resign, she would be

---

[2] As plaintiff was already a tenured teacher in New York City, she was eligible for tenure after only two (2), rather than three (3), years. Id. at ¶ 13.

unable to obtain future employment in the District. Id. at ¶ 25. Plaintiff resigned her position on February 6, 2009. Id. at ¶ 26.

Plaintiff commenced this action on December 15, 2009, and filed an amended complaint on January 22, 2010. [Docket Entry No. 2]. Her amended complaint alleged the following two (2) causes of action: (1) violation of plaintiff's due process rights under the Fifth and Fourteenth Amendments; and (2) intentional infliction of emotional distress pursuant to state law. Id. at ¶¶ 90-100. By order dated November 18, 2010, the Court granted defendant's motion to dismiss the amended complaint with prejudice except to the extent it alleged a substantive due process claim. [Docket Entry No. 9].[3] Plaintiff was granted leave to file a second amended complaint setting forth her substantive due process claim. Id. at 13-14.

On December 20, 2010, plaintiff filed a second amended complaint. [Docket Entry No. 10]. In the second amended complaint, plaintiff alleges that defendant violated her substantive due process rights by "willfully hiring [her] and granting [her] tenure," and then "unjustifiably stripping her of that tenure, without informing [her] of her rights as specifically provided by contract and law, without cause, via threats and coercion . . . ." Id. at ¶ 33. Plaintiff alleges that defendant had a "policy and custom to not inform tenured teachers about their rights to contest a termination . . . ." Id. at ¶ 32.

Defendant now moves to dismiss the second amended complaint.

---

[3] Plaintiff voluntarily withdrew her state law claim for intentional infliction of emotional distress. Docket Entry No. 9 at 12.

3

II. Discussion

  A. Motion to Dismiss Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A pleading that offers 'labels and conclusions' or 'a 'formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

In deciding a motion pursuant to Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y., 631 F.3d 57, 63 (2d Cir. 2011); see also Ruston v. Town Bd. for the Town of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 1950. "While a complaint need not contain detailed factual allegations, it requires more than an unadorned, the

defendant-unlawfully-harmed-me accusation." Matson, 631 F.3d at 63 (internal quotation marks and citation omitted).

B.  Plaintiff's Due Process Claim

"Substantive due process protects only those interests that are 'implicit in the concept of ordered liberty.'" Local 342 v. Town Bd. of Huntington, 31 F.3d 1191, 1196 (2d Cir. 1994) (quoting Palko v. Connecticut, 302 U.S. 319, 325, 58 S.Ct. 149, 151, 82 L.Ed. 288 (1937)). "In order to state a valid claim for violation of substantive due process, [plaintiff] must show that [defendant's action] was an 'exercise of power without any reasonable justification in the service of a legitimate governmental objective[.]'" SeaAir NY, Inc. v. City of N.Y., 250 F.3d 183, 187 (2d Cir. 2001) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 846, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998)). "Substantive due process protects individuals against government action that is arbitrary, conscience-shocking, or oppressive in a constitutional sense, but not against government action that is incorrect or ill-advised." Cunney v. Bd. of Trustee of Village of Grand View, N.Y., 660 F.3d 612, 626 (2d Cir. 2011) (quoting Kaluczky v. City of White Plains, 57 F.3d 202, 211 (2d Cir. 1995)). "It does not forbid governmental actions that might fairly be deemed arbitrary or capricious and for that reason correctable in a state court lawsuit seeking review of administrative action. Substantive due process standards are violated only by conduct that is so outrageously arbitrary as to constitute a gross abuse of governmental authority." Natale v. Town of Ridgefield, 170 F.3d 258, 263 (2d Cir. 1999).

In analyzing plaintiff's substantive due process claim, the Court must "first inquire whether a constitutionally cognizable property interest is at stake." Ferran v. Town of Nassau,

471 F.3d 363, 369 (2d Cir. 2006) (citing Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995)). Next, plaintiff must "allege governmental conduct that is so egregious, so outrageous, that is may fairly be said to shock the contemporary conscience." Velez v. Levy, 401 F.3d 75, 93 (2d Cir. 2005) (internal quotation marks and citation omitted).

Assuming that plaintiff has alleged a constitutionally cognizable property interest in her tenured teaching position, see Strong v. Bd. of Educ. of Uniondale Union Free School Dist., 902 F.2d 208, 211 (2d Cir. 1990), she has still failed to allege conduct that is "arbitrary, conscience-shocking, or oppressive in a constitutional sense." Plaintiff argues that the District "compelled" her to resign and to "forfeit her tenure," and "deliberately intended to injure" her. Plaintiff's Opposition to Motion to Dismiss [Docket Entry No. 13] at 1, 7. However, under New York state law, a teacher may be suspended or terminated for teaching outside his or her certification area. See, e.g., Smith v. Bd. of Educ. of Wallkill Cent. School Dist., 65 N.Y.2d 797, 482 N.E.2d 910, 493 N.Y.S.2d 114 (1985); Matter of N.Y. State Off. of Children & Family Servs. (Lanterman), 62 A.D.3d 1109, 879 N.Y.S.2d 247 (3d Dep't 2009); see also 8 N.Y.C.R.R. 30-1.11 ("Nothing herein contained shall be construed to authorize or require a board of education . . . to place or retain an individual in a position for which such individual does not possess appropriate certification . . . .").

The District therefore had a legitimate governmental purpose for terminating plaintiff's employment: ensuring that its teachers taught only within their area of certification. Moreover, since the District took similar action with respect to other tenured teachers, Compl. at ¶ 23, there is no indication that its action was "arbitrary." Contrary to plaintiff's argument, nothing about the District's methods was "egregious" or "shocking." The District explained the reason for its

decision, then gave plaintiff the opportunity to resign in lieu of being terminated. Accordingly, the Court finds that plaintiff has failed to state a substantive due process claim.

C.  Leave to Amend

Plaintiff argues that, rather than dismiss, the Court should grant her leave to file a third amended complaint. This request is denied.

A party may amend a pleading once as a matter of course "within 21 days of serving it," or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. It is well settled, however, that "the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330, 91 S. Ct. 795, 28 L. Ed.2d 77 (1971) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed.2d 222 (1962)). The Court may deny leave to amend for reasons such as "undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." Richard Greenshields Sec, Inc. v. Lau, 825 F.2d 647, 653 n. 6 (2d Cir. 1987) (quoting State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981)). The Court may also deny leave to amend "where the belated motion would unduly delay the course of proceedings by, for example, introducing new issues for discovery." Grace v. Rosenstock, 228 F.3d 40, 53 (2d Cir. 2000).

7

Plaintiff has not filed a proposed amended complaint, nor has she set forth the basis on which she would seek to amend. Furthermore, plaintiff has already been given an opportunity to re-plead her substantive due process claim. [Docket Entry No. 9]. The Court finds that any further amendment would be futile because the facts underlying this case simply do not support plaintiff's constitutional and state law claims. In other words, "[t]he problem with [plaintiff's] causes of action is substantive; better pleading will not cure it." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); see also Cortec Indus., Inc. v. Sum Holding, L.P., 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Accordingly, plaintiff's application for leave to amend is denied.

III. Conclusion

For the foregoing reasons, plaintiff's motion to dismiss the second amended complaint is granted. Plaintiff's application for leave to further amend the complaint is denied. The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

s/ Sandra J. Feuerstein
_____
Sandra J. Feuerstein
United States District Judge

Dated: March 26, 2012
Central Islip, New York

8